UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| BARRY C. DOCKERY,      § | |
|     Plaintiff      § | |
| § | |
| vs.      § | CIVIL ACTION NO. C-09-225 |
| § | |
| U.S. DEPARTMENT OF JUSTICE,   § | |
|  ET AL.      § | |
|     Defendants      § | |

**MEMORANDUM OPINION AND ORDER ON
DEFENDANTS' MOTION TO DISMISS AND
CROSS-MOTIONS FOR SUMMARY JUDGMENT**

This is a civil rights action filed by a federal prisoner pursuant to Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971).[1] In addition, plaintiff brings a negligence claim against the United States pursuant to the Federal Tort Claims Act (FTCA), 28 U.S.C. § 2674, et seq. .[2]

Pending is defendants' motion to dismiss for failure to exhaust administrative remedies and, in the alternative, motion for summary judgment (D.E.27). Plaintiff has filed a response in opposition which he titled a "Rebuttal Motion" (D.E. 28), and a cross motion for summary judgment (D.E. 29), to which defendants have filed a response (D.E. 32). For

---

[1] A Bivens action is the federal counterpart of § 1983 and "extends the protections afforded by § 1983 to parties injured by federal actors not liable under § 1983.

[2] The FTCA waives the sovereign immunity of the United States for certain torts committed by federal employees and authorizes civil actions for damages against the United States for personal injury or death caused by the negligence of a government employee under circumstances in which a private person would be liable under the law of the state in which the negligent act or omission occurred. 28 U.S.C. §§ 1346(b) and 2674.

the reasons stated herein, defendants' motion to dismiss plaintiff's Bivens claims against the individual defendants for failure to exhaust is denied. Summary judgment in favor of the United States on plaintiff's FTCA claim is granted, and the United States is dismissed from this lawsuit. Plaintiff's motion for summary judgment is denied.

## I.     Jurisdiction.

The Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331. Upon consent of the parties (D.E. 12, 30), this case was reassigned to the undersigned United States magistrate judge to conduct all further proceedings, including entry of final judgment. (D.E. 14, 31). See 28 U.S.C. § 636(c).

## II.    Procedural background.

Plaintiff is a federal prisoner currently incarcerated at the United States Penitentiary in Atlanta, Georgia, although his lawsuit concerns events that occurred while he was in custody at the Federal Correctional Institution ("FCI") in Three Rivers, Texas. He filed the instant action on August 31, 2009, alleging that on July 24, 2007, another offender threw a hot liquid on him, causing him serious bodily injury. (D.E. 1). He claimed that defendants allowed the assault to occur by failing to adequately staff or supervise the kitchen. Id. He claimed further that he was denied effective medical treatment following the assault, in deliberate indifference to his serious medical needs. Id. He named as defendants the U.S. Department of Justice (DOJ), the Federal Bureau of Prisons (BOP), Warden Dan Joslin, Officer Deleon, Ms. Rivers, and Physician's Assistant (PA) Cabusao. Id.

2

A Spears[3] hearing was conducted on October 29, 2009, following which plaintiff filed an amended complaint to name the United States as a defendant, and to allege a negligence claim under the FTCA. (D.E. 10).  On January 14, 2009, plaintiff's claims against the DOJ, BOP, and Warden Joslin were dismissed, and service was ordered on the United States, Officer Deleon, Ms. Rivers, and PA Cabusao. (D.E.17).

On March 29, 2010, defendants filed the instant motion to dismiss for failure to exhaust administrative remedies, and in the alternative, motion for summary judgment (D.E. 27).  On April 14, 2010, plaintiff filed a rebuttal motion in opposition (D.E. 28), and filed his own motion for summary judgment (D.E. 29).  On May 6, 2010, defendants filed a response in opposition to plaintiff's summary judgment motion (D.E. 32).

### III.     Summary judgment evidence on exhaustion.

Defendants move to dismiss plaintiff's action on the grounds that he has failed to exhaust administrative remedies.  In support of their motion, they offer the declaration of Martin Joseph Sweaney, an attorney for the BOP, who has access to the BOP's administrative remedy records of federal inmates.  (See D.E. 27, Ex. A, Sweaney Dec. at ¶ 1).  According to the BOP records, on five occasions, plaintiff has submitted filings pursuant to the BOP's administrative remedy system.  (Sweaney Dec. at ¶ 3).  Three of the five filings were indexed as part of the same case, and these three filings each concerned the

---

[3] Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985); see also Eason v. Holt, 73 F.3d 600, 603 (5th Cir. 1996) (stating that testimony given at a Spears hearing is incorporated into the pleadings).

July 24, 2007 incident when another inmate threw a hot liquid on plaintiff, and the medical treatment he received thereafter. Id.

On October 28, 2008, plaintiff filed grievance no. 513441-F1 with Warden Joslin, complaining about the medical treatment he received following the July 24, 2007 assault, and asking for money damages. (Sweaney Dec. at ¶ 4 and Attachment A). By response dated that same day, plaintiff was advised that, because he was seeking money damages, he needed to submit an administrative tort claim to the regional office, rather than an administrative remedy request. Id., Attachment A.[4]

On November 3, 2008, the South Central Regional Office received plaintiff's grievance no. 513441-R1, in which he appealed the rejection of his claim concerning the delay in medical treatment following the assault. (Sweaney Dec., Attachment B). By response dated November 3, 2008, plaintiff was advised to resubmit the administrative remedy at FCI-Three Rivers, and was informed that staff there had been instructed to accept it.[5]

On December 18, 2008, the BOP's Office of General Counsel received plaintiff's grievance no. 513441-A1, in which he appealed the regional office's decision regarding his

---

[4] According to Mr. Sweaney: "This response was erroneous; the BOP allows an inmate to [file] administrative remedy requests and appeals even if he is only requesting money, because the BOP wishes the opportunity to rectify errors, take remedial measures, and compile an administrative record, although the BOP's administrative remedy system does not allow for the payment of monetary compensation."

[5] Mr. Sweaney notes that: "Thus, the BOP recognized that 513441-F1 had been erroneously rejected, and was willing to allow [plaintiff] to commence the process again."

claim for compensation for the delay in medical treatment following the assault. (Sweaney Dec., Attachment C). This grievance was rejected on December 29, 2008. Id.

On September 20, 2008, plaintiff signed a "Claim for Damage, Injury or Death," that was assigned number SCR-2009-02546. (Sweaney Dec. at Attachment D). Plaintiff explained his claim as follows:

> On July 24, 2007, while working in the kitchen/chow hall at Three Rivers Correctional Complex. I was burned with 1st, 2nd, and 3rd degree burns over 30 percent of my body. I suffered nerve damage and other injuries as well as mental damage that will be listed in medical records as well as in psychological records that I still suffer from today. I was kept in a burn unit for over 10 days and went threw [sic] a grueling physical therapy regiment just to be able to use my right shoulder, right arm, right elbow, and right hand and the right side of my face and neck. I still suffer from occasional pain and muscle cramps and the fear of anyone being around me with hot water or liquid. I have some scars that are permanent that can only be corrected with surgery. This assault on me by another inmate has ruined my body and mind and made everyone around me seem like a potential enemy.

(Sweaney Dec., Attachment D at 2).

Plaintiff described the basis for his damages as follows:

> Damages incurred for this claim were prompted by the decision of the medical personnel and E.A. Cabusao, MLP, here at Three Rivers Federal Correctional Institution not to follow the program statements when it came to keeping the cooking pots locked when not in use and not having cameras mounted in the kitchen on the Cook's floor to catch the assault on film and for leaving me as well as other inmates on the cook's floor with utensils without any supervision and for being under staffed. The staff and medical personnel here at Three Rivers Federal Correctional Institution violated my constitutional right to be free from serious risk of harm and they further violated my

5

> constitutional right to receive medical attention in a timely manner when E.A. Cabusao, MLP, falsified records to indicate that she treated my burns and gave me medical attention when in all actuality she hadn't. ...

(Sweaney Dec., Attachment D at 1, 3).

By letter dated July 23, 2009, the DOJ declined to offer an administrative settlement to plaintiff under the FTCA, finding that prison staff and medical personnel were not negligent. (Sweaney Dec. at Attachment E).

**IV. Discussion.**

    **A. Exhaustion.**

Pursuant to 42 U.S.C. § 1997e(a), "[n]o action shall be brought with respect to prison conditions under section 1983 . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." See 42 U.S.C. § 1997e(a). The exhaustion requirement applies to all inmate suits about prison life, whether involving general circumstances or specific incidents. Porter v. Nussle, 534 U.S. 516, 532 (2002); Clifford v. Gibbs, 298 F.3d 328, 330 (5th Cir. 2002). Moreover, a prisoner is required to exhaust his administrative remedies even if damages are unavailable through the grievance process. Booth v. Churner, 532 U.S. 731, 741 (2001); Wright v. Hollingsworth, 260 F.3d 357, 358 (5th Cir. 2001). A prisoner must complete the administrative review process in accordance with all procedural rules, including deadlines, as a precondition to bringing suit in federal court. Woodford v. Ngo, 126 S. Ct. 2378, 2382

(2006). Because exhaustion is an affirmative defense, inmates are not required to plead or demonstrate exhaustion in their complaints. Jones v. Bock, 549 U.S. 199, 215 (2006).

The BOP provides a three-tiered administrative process by which inmates can present a complaint. See 28 C.F.R. § 542.10 et. seq. First, the inmate must present the complaint informally on a Form BP-8 to a staff member at the facility where he is housed. 28 C.F.R. § 542.13(a). If this informal procedure does not resolve the issue, the inmate commences the three-tiered administrative remedy procedure by filing a formal written complaint on a Form BP–9 with the warden at the local level. 28 C.F.R. § 542.13(b). The warden has twenty calender days in which to respond to the complaint. 28 C.F.R. § 542.14. If unsatisfied with the warden's response, the inmate may submit an appeal on Form BP-10 within twenty days of the response to the regional director. 28 C.F.R. § 542.15. The regional director has 30 days in which to respond to the appeal. If unsatisfied at the regional level, then the inmate has 30 days from the date of the regional director's response to submit an appeal on Form BP-11 to the general counsel. 28 C.F.R. § 542.15. The appeal to the general counsel is the final administrative appeal provided by the BOP.

As noted above, plaintiff filed three grievances concerning the claims raised herein. (See Sweaney Dec., Attachments A, B, C). At the institutional level, plaintiff was wrongly informed incorrectly that he could not file an administrative claim for damages. (Sweaney Dec. at ¶ 4, and Attachment A). Plaintiff appealed to the regional level. (Seaney Dec., Attachment B). By response dated November 3, 2008, plaintiff was informed that he ***could*** file his administrative claim, and he was instructed to ***refile it*** with the institution. (Sweaney

Dec. at ¶5). Plaintiff was told that the prison staff had been instructed to accept his BP-9 grievance this time. Id. Plaintiff attempted to refile his BP-9 form, but it was not accepted. (D.E. 28 at 2). Plaintiff then appealed the BP-10 regional level decision by filing a BP-11 with the General Counsel. (Sweaney Dec. at Attachment C). His appeal was dismissed because he had not refiled his claim at the institution level. (Sweaney Dec. at ¶ 6, and Attachment C).

The evidence demonstrates that plaintiff was not able to refile his BP-9 grievance at the institutional level. In his summary judgment response (D.E. 28), plaintiff states that he attempted an informal resolution for "two whole months" prior to his filing his first BP-9 complaint. (D.E. 28 at 1). He relates that, in April-May 2008, he spoke to Warden Gravette about his complaint, but that Warden Gravette never responded. Id. at 2. Thereafter, he filed a BP-8 informal resolution with Ms. Rivers and her staff, but no agreement was reached. Id. He then filed his BP-9 complaint with Warden Joslin. Id. Warden Joslin returned his BP-9 form back "stamped denied," without any written explanation. Id. at 3.

Plaintiff then filed a BP-10 form and that the regional office instructed him to refile his BP-9 form. (D.E. 28 at 3). He claims he attempted to resubmit the BP-9 form, but that Warden Joslin *again* refused to accept it, "saying he has already addressed the issue in a prior (BP-9)." Id. Plaintiff states that, after Warden Joslin refused to accept the new BP-9 form, "I filed my (B-11) with the General Counsel's Office in Washington. Id.

The summary judgment evidence establishes, and plaintiff admits, that he did not exhaust his administrative remedies because he did not successfully submit the new BP-9

form at the institutional level. However, according to plaintiff, he attempted to resubmit the form, and Warden Joslin refused to accept it. The government has not disputed plaintiff's claim that he was prevented from refiling his BP-9 form.

Although the Fifth Circuit has taken a "strict approach" to the exhaustion requirement, it "may be subject to certain defenses such as waiver, estoppel, or equitable tolling." Days v. Johnson, 322 F.3d 863, 866 (5th Cir. 2003) (per curiam) (quoting Wendell, 162 F.3d at 890)). For example, the exhaustion requirement may be excused when administrative remedies are not "personally available." Id. at 867. Unavailability can occur when physical injury prevents its use, see id., or when prison officials ignore or interfere with the prisoner's pursuit of relief. See Underwood v. Wilson, 151 F.3d 292, 295 (5th Cir. 1998) (per curiam).

In this case, the BOP Regional Office instructed plaintiff to resubmit his BP-9 form to the Three Rivers staff, and assured him that the staff had been instructed to accept it. Plaintiff testified that he did try to file it, but Warden Joslin refused the new BP-9. (D.E. 28 at 2). Thereafter, plaintiff completed the exhaustion process on his first BP-9 form, by filing his BP-11.

The fact that Warden Joslin refused to accept plaintiff's second BP-9 form excuses exhaustion in this case, as it is evident that plaintiff followed the BOP procedure correctly and that the BOP erred twice in responding to his grievances. At the institution level, the warden was incorrect when he denied the first BP-9 form on the grounds that plaintiff sought money damages. (Sweaney Dec. at ¶ 4). Thereafter, the regional office instructed plaintiff to refile the BP-9, thus acknowledging the error at the BP-9 level, but then Warden Joslin

refused to accept it, contrary to the instructions from the regional level. There are no facts to suggest that plaintiff was anything but diligent in attempting to exhaust his claim and to follow BOP procedures.

The purpose of the exhaustion requirement is to alert prison officials of problems so that the prison has a chance to address the claims before they reach federal court. <u>Woodford</u>, 548 U.S. at 93. As acknowledged by the Supreme Court, Congress intended the administrative process to "filter out some frivolous claims and foster better-prepared litigation once a dispute did move to the courtroom, even absent formal factfinding." <u>Booth</u>, 532 U.S. at 737. The BOP has had ample opportunities to examine plaintiff's claims and to accomplish what the exhaustion procedure is designed to accomplish. The inability to technically and correctly exhaust was caused by the actions of BOP officials, and plaintiff is entitled to proceed with his <u>Bivens</u> claims against the individual defendants without further exhaustion.

   **B.**  **FTCA claims against the United States.**

The United States moves for summary judgment to dismiss plaintiff's FTCA claims arguing that, because plaintiff was working at his assigned duties in the kitchen, his claims are compensable only under the Inmate Accident Compensation Act (IACA), 18 U.S.C. § 4126. In addition, defendants argue that plaintiff's FTCA claim is further barred because the FTCA excludes intentional torts, and that the basis of plaintiff's claims was caused by the intentional tort of another offender, such that the United States is not liable for his injuries.

The IACA authorizes proceeds gained from prison industries to be deposited into a fund to, in part, pay "compensation to inmates or their dependants for injuries suffered in any industry or in work activity in connection with the maintenance or operation of the institution in which the inmates are confined. 18 U.S.C.A. § 4126(c)(4) (West 2000). Injuries sustained by federal prisoners while working are not compensable under the FTCA; the IACA is the prisoner's exclusive remedy against the United States for work-related injuries. See United States v. Demko, 385 U.S. 149, 152-53 (1966); see also Aston v. United States, 625 F.2d 1210, 1211 (5th Cir. 1980). Indeed, Demko makes clear that, where the injury is work-related, the cause of the injury is irrelevant so long as the injury itself occurred while the prisoner was on the job.

In this case, plaintiff testified that the assault occurred when he was working in the kitchen performing his assigned duties. (See D.E. 1 at 4, D.E. 16 at 2). Moreover, in his summary judgment response, plaintiff does not refute that the assault occurred while he was working. Thus, there is no genuine issue of a material fact that plaintiff incurred the injuries complained of while working, and as such, his sole remedy against the United States is via the IACA. Accordingly, defendant's motion for suumary judgment to dismiss plaintiff's FTCA claims against the United States is granted, and the United States is dismissed as a defendant from this lawsuit.

### C.  Plaintiff's motion for summary judgment.

Plaintiff has filed a 1-page document in which he asks the Court to award him "summary judgment in the amount of 6.5 millions dollars." (D.E. 29 at 1). Plaintiff offers

no evidence concerning his damage calculations, and liability has not yet been resolved. Plaintiff's motion for summary judgment (D.E. 29) is denied.

## V.    Conclusion

Defendants' motion to dismiss/for summary judgment (D.E. 27) is denied in part and granted in part.  Although plaintiff failed to exhaust his administrative remedies concerning the claims raised herein, the undisputed evidence establishes that the failure to exhaust was caused by defendants' misinformation.  Accordingly, defendants' motion to dismiss for failure to exhaust is denied, and plaintiff may go forward with his <u>Bivens</u> claims against the individual defendants.  Moreover, there is no genuine issue of a material fact that plaintiff sustained his injuries while working at his prison job, and therefore, plaintiff is not entitled to seek damages against the United States via the FTCA; his sole remedy is the IACA. Plaintiff's FTCA claim against the United States is dismissed.  Finally, plaintiff's motion (D.E. 28), which was treated as his response to the motion for summary judgment shall be terminated insofar as it purports to be a motion, and plaintiff's motion for summary judgment (D.E. 29) is denied.

The individual <u>Bivens</u> defendants shall file their answer within thirty (30) days.

ORDERED this 21st day of May, 2010.

_____
B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE