IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| BARRY C. DOCKERY, § | |
| Plaintiff, § | |
| § | |
| V. § | Cause No. 2:09cv225 |
| § | |
| U.S. DEPT. OF JUSTICE, et al., § | |
| Defendants. § | |

## MEMORANDUM OPINION AND ORDER DENYING THIRD MOTION FOR APPOINTMENT OF COUNSEL

Plaintiff is a federal inmate at the Federal Correction Institute in Three Rivers, Texas. Proceeding *pro se* and *in forma pauperis*, plaintiff filed a civil rights complaint pursuant to Bivens v. Six Unknown Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971), alleging that prison officials failed to protect him from harm by another inmate, who doused him with a hot liquid, and were deliberately indifferent to his serious medical needs by failing to provide treatment for his serious burns (D.E. 1). Pending is plaintiff's third motion for appointment of counsel (D.E. 33-1). The motion is denied without prejudice.

In Bounds v. Smith, the Supreme Court held that a prisoner's constitutional right of access to the courts requires that the access be meaningful; that is, prison officials must provide pro se litigants with writing materials, access to the law library, or other forms of legal assistance. Bounds v. Smith, 430 U.S. 817, 829 (1977). There is, however, no constitutional right to appointment of counsel in civil rights cases. Akasike v. Fitzpatrick,

26 F.3d 510, 512 (5th Cir. 1994); Branch v. Cole, 686 F.2d 264, 266 (5th Cir. 1982). Further, Bounds did not create a "free-standing right to a law library or legal assistance." Lewis v. Casey, 116 S. Ct. 2174, 2180 (1996). It is within the Court's discretion to appoint counsel, unless the case presents "exceptional circumstances," thus requiring the appointment. 28 U.S.C. § 1915(e)(1); Cupit v. Jones, 835 F.2d 82, 86 (5th Cir. 1987).

A number of factors should be examined when determining whether to appoint counsel. Jackson v. Dallas Police Department, 811 F.2d 260, 261-62 (5th Cir. 1986) (citing Ulmer v. Chancellor, 691 F.2d 209 (5th Cir. 1982)). The first is the type and complexity of the case. Id. This case is not complex. According to plaintiff, while he was working in the kitchen at FCI Three Rivers, another inmate severely burned him by throwing a hot liquid on him (D.E. 1). The medical personnel responsible for providing him treatment during the days following the incident failed to do so. Though serious, plaintiff's allegations are not complex.

The second and third factors are whether the plaintiff is in a position to adequately investigate and present his case. Plaintiff's pleadings demonstrate that he is reasonably intelligent and articulate, and able to describe the facts underlying his claim. During hearings held in this case, plaintiff was very articulate. Plaintiff appears, at this stage of the case, to be in a position to adequately investigate and present his case.

The fourth factor which should be examined is whether the evidence will consist in large part of conflicting testimony so as to require skill in the presentation of evidence and in cross-examination. Examination of this factor is premature because the case has not yet

been set for trial. The individual defendants have not filed their answers, and the time for filing dispositive motions has not yet passed.

Finally, there is no indication that appointed counsel would aid in the efficient and equitable disposition of the case. The Court has the authority to award attorneys' fees to a prevailing plaintiff. 42 U.S.C. § 1988; 28 U.S.C. § 2412. Plaintiff is not prohibited from hiring an attorney on a contingent-fee arrangement. Plaintiff's third motion for appointment of counsel (D.E. 33-1) is denied without prejudice at this time. This order will be *sua sponte* reexamined as the case proceeds.

ORDERED this 21st day of May, 2010.

_____
B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE