UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| BARRY C. DOCKERY,        § | | |
|    Plaintiff              § | | |
| § | | |
| vs.                          § | CIVIL ACTION NO. C-09-225 | |
| § | | |
| U.S. DEPARTMENT OF JUSTICE, § | | |
|  ET AL.                       § | | |
|    Defendants           § | | |

### MEMORANDUM OPINION AND ORDER DENYING PLAINTIFF'S MOTIONS TO ALTER OR AMEND AND FOR SUMMARY JUDGMENT, AND ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTIONS IN LIMINE AND FOR APPOINTMENT OF COUNSEL

On May 21, 2010, summary judgment was granted in favor of the United States on plaintiff's negligence claim brought pursuant to the Federal Tort Claims Act (FTCA) , and the United States was dismissed as a defendant from this lawsuit. (D.E.34). As to the remaining individual defendants, Officer Deleon, Ms. Rivers-Graham and Physician's Assistant (PA) Cabusao, summary judgment was denied, finding that a genuine issue of a material fact existed concerning whether defendants were deliberately indifferent to plaintiff's serious medical needs.[1]  Id.

---

[1] Defendants have now filed a motion for summary judgment to dismiss plaintiff's claims against them on the grounds that they are entitled to qualified immunity. (D.E. 38). Plaintiff has filed a response in opposition. (D.E. 39). Defendants' motion and plaintiff's response will be considered in a separate order.

Pending are the following motions filed by plaintiff: motion to alter or amend the judgment and to reinstate his FTCA claim against the United States (D.E. 37-1, 37-2); motion for summary judgment (D.E. 40); motion in limine (D.E.41); and motion for appointment of counsel (42). For the reasons stated herein, plaintiff's motions to alter the judgment and for summary judgment are denied; his motions in limine and for appointment of counsel are denied without prejudice.

## I.     Motion to reinstate FTCA claim against the United States.

Plaintiff seeks to reinstate his tort claim filed pursuant to the FTCA. Plaintiff's FTCA claim was dismissed on the finding that he suffered the injuries while at work, and therefore, his claims were compensable only under the Inmate Accident Compensation Act (IACA), 18 U.S.C. § 4126. Plaintiff contends that, although he was at work when the other offender threw the hot liquid on him, causing severe burns over 30% of his body, the injuries were not "work-related" within the meaning of the IACA, and therefore, he should be able to pursue his tort claim against the United States for failure to provide appropriate kitchen staffing and security.

The IACA is the exclusive means of recovery against the government for a federal prisoner's work-related injuries, and bars suit for such damages under the FTCA. United States v. Demko, 385 U.S. 149, 152 (1966); Aston v. United States, 625 F.2d 1210, 1211 (5th Cir. 1980). In its order dismissing plaintiff's FTCA claim, the Court noted that plaintiff testified that the assault occurred while he was working in the kitchen performing his

assigned duties. (D.E. at 34 at 11). It was determined that, because the assault occurred while plaintiff was at work, his exclusive remedy was under the IACA. Id.

Plaintiff argues that his injuries are the result of an intentional tort inflicted by another inmate which just happened to have occurred while he was at his prison job, and that the United States was deliberately indifferent to his health and safety by allowing such conditions to exist that would permit another inmate to assault him. He thus claims that his injuries were not "work-related" within the meaning of the IACA because they were not suffered as a result of any work-related activity he was performing.

The federal regulations applicable to the IACA provide that "the term 'work-related injury' shall be defined to include any injury ... proximately caused by the actual performance of the inmate's work assignment." See 28 C.F.R. § 301.102(a). However, the Fifth Circuit has noted that "the cause of the injury is irrelevant so long as the injury itself occurred while the prisoner was on the job." Aston, 625 F.2d at 1211. That is, the fact that the injuries were caused by an intentional act by another person does not remove it from the IACA. See e.g. Bates v. Elwood, 2008 WL 2783190 (E.D. Ky. Jul. 16, 2008) (IACA exclusive remedy for inmate who was assaulted at work by another inmate with a hammer); Gomez v. Warden of Otisville Correctional Facility, 2000 WL 1480478 *3 (S.D.N.Y. Sept. 29, 2000) (no exception to the IACA where a prisoner-plaintiff's injuries resulted from an intentional tort). Cf. Green v. Hill, 954 F.2d 694, 697 (11 Cir. 1992) (examining analogous statute for federal employees and finding plaintiff's assault and battery claim was limited to worker's compensation scheme for federal employees).

Plaintiff's FTCA claim was properly dismissed because the IACA is the exclusive remedy to address his claims against the United States for injuries sustained at his prison job. Accordingly, plaintiff's motions to alter or amend the judgment and reinstate the FTCA claim (D.E. 37-1, 37-2) are DENIED.

## II.     Motion for summary judgment.

Plaintiff has filed a one-page document in which asks the Court to award him damages in the amount of $500,000 against the United States and against each individual defendant, as well as punitive damages.[2] (D.E. 40). The United States is no longer a party to this lawsuit. Moreover, plaintiff offers no evidence concerning his damage calculations, and liability has not yet been resolved. Accordingly, plaintiff's second motion for summary judgment (D.E. 40) is denied.

## III.    Motion in limine.

Plaintiff has filed a motion in limine "to significantly reduce introduction of my criminal history to the jury during jury trial as to not prejudice the jury pool and/or jury against the plaintiff." (D.E. 41). The case is not scheduled for trial; accordingly plaintiff's motion is denied without prejudice as premature.

## IV.    Motion for appointment of counsel.

Plaintiff has filed a motion for appointment of counsel**.** (D.E. 42). The motion is denied without prejudice for the same reasons set forth in the earlier orders denying his

---

[2] Plaintiff previously filed a similar motion (D.E.29), that was also denied. (D.E. 34).

motions (D.E. 8, 9, 19). After resolution of defendants' motion for summary judgment on the basis of qualified immunity, if any claims remain for trial, plaintiff may renew his motion.

ORDERED this 8th day of September, 2010.

_____
B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE