UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| BARRY C. DOCKERY, | § | |
|     Plaintiff | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. C-09-225 |
| | § | |
| U.S. DEPARTMENT OF JUSTICE, | § | |
|  ET AL. | § | |
|     Defendants | § | |

**MEMORANDUM OPINION AND ORDER
DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

Pending is plaintiff's motion for summary judgment. (D.E.55), to which defendants have filed a response. (D.E. 56). For the reasons stated herein, plaintiff's motion is denied.

**I.     Background information.**

The procedural background and facts of this case are set forth in the Court's previous order denying defendants' motion for summary judgment, and need not be repeated herein. (See D.E. 44).

On July 24, 2007, while working in the kitchen, plaintiff was seriously injured when another inmate threw a hot liquid on him. (D.E. 1).

Plaintiff claims that Officer Deleon created an unsafe and dangerous work environment because he: (1) failed to ensure that an officer was present on the cook floor; (2) did not have locks on the pots; and (3) he failed to install security cameras on the cook floor. (D.E. 55 at 1-2). Plaintiff claims that BOP policies mandate these security measures, and that Officer Deleon, as the kitchen administrator, was required to follow these policies

and procedures to ensure a safe work environment.  Plaintiff claims further that the written Food Service Program Statement does not contain these safety provisions, and as such, that the policies are outdated and that Officer Deleon's failure to update the policies also contributed to the unsafe work environment.  Id. at 3-4.

Plaintiff claims that, following the assault, defendant Cabusao, a Mid-Level Provider (MLP), placed him in a solitary cell and failed to check on him for two days, despite his serious burns.  (D.E. 55 at 4-5). He claims that MLP Cabusao was not qualified to treat burn victims, and that she did not have the proper credentials to be working at the prison infirmary because she did not have a "practice agreement" with a licensed physician "prior to providing health care in the institution." Id.  Plaintiff also alleges that MLP Cabusao falsified medical records to reflect that plaintiff was receiving medications at the pill window, but in actuality, he had already been transferred to FMC-Lexington for treatment of his injuries.  Id. at 5. Plaintiff claims that MLP Cabusao did not notify the emergency on-call physician the morning he was assaulted, in violation of BOP program statements. Id. at 6.

Plaintiff argues that defendant M. Rivers was deliberately indifferent to his serious medical needs because she failed to staff the prison infirmary with emergency medical technicians or paramedics, or with a specialist in wound care and burns, and has still not done so.  (D.E. 55 at 6).  Plaintiff maintains that Ms. Rivers "was supposed to have a team of first responders which should be established for each shift with documented training in first aid and CPR." Id. at 6.  Plaintiff claims that defendant Rivers failed to ensure that her staff was

trained and had the proper credentials, nor did she monitor her staff appropriately to ensure that fake prescriptions were not written. Id. at 7-8.

Plaintiff alleges that both Cabusao and Rivers should have arranged for him to be transferred immediately after the assault, rather than held in the Special Housing Unit (SHU) for two days before he was sent to Kentucky, and that both defendants failed to follow prison hospital policies. (D.E. 55 at 9-10). He claims the SHU conditions were "unhygienic," and that he was denied medication for pain and to prevent infection. Id. at 10.

**II.     Fact issues preclude summary judgment.**

Summary judgment is proper if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). A genuine issue exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). The Court must examine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Id. at 251-52.

In his summary judgment motion, plaintiff cites to alleged BOP program statements, arguing in the first instance that defendants were required to follow these policies but failed to do so, then, in the second instance, arguing that the policies are out-dated and insufficient, such that defendants should be held responsible for failure to update BOP policy statements. To the extent plaintiff claims that the policies are "outdated," he is not an expert on institutional policy, nor does he offer the opinion of an expert as to the validity of the policies

he declares insufficient.  For example, plaintiff argues that there should be a burn and wound specialist at FCI-Three Rivers; however, plaintiff's opinion on this matter does not qualify as competent summary judgment evidence.  Moreover, it is well settled that an inmate is constitutionally entitled to competent medical care, but that does not necessarily mean the "best" medical care that money can buy.  See Mayweather v. Foti, 958 F.2d 91 (5th Cir. 1992).  Merely alleging that prison officials should have undertaken additional measures or utilized another method does not eliminate the factual disputes present in this case. Indeed, even plaintiff's assertions that defendants failed to follow BOP policies and procedures as set forth in various program statements does not, in and of itself, state a constitutional violation.  Myers v. Klevenhagen, 97 F.3d 91, 94 (5th Cir. 1996).

In denying defendants' summary judgment motion, it was already determined that genuine issues of material fact exist that preclude the granting of summary judgment, and nothing in plaintiff's summary judgment motion, that is devoid of affidavit or exhibits, changes this finding.

Accordingly, plaintiff's motion for summary judgment (D.E. 55), is DENIED.

ORDERED this 9th day of March, 2011.

_____
B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE