IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| BARRY C. DOCKERY,       § | | |
|     Plaintiff       § | | |
| § | | |
| VS.       § | | C.A. NO. C-09-225 |
| § | | |
| UNITED STATES OF AMERICA, et al.,   § | | |
|     Defendants       § | | |

## MEMORANDUM OPINION AND ORDER DENYING PLAINTIFF'S MOTION TO ALTER OR AMEND JUDGMENT

Plaintiff is in the custody of the federal Bureau of Prisons (BOP) and currently is incarcerated at United States Penitentiary McCreary in Pine Knot, Kentucky. Defendants Rene Deleon, Eleanor Cabusao, and Mary Ellen Rivers-Graham are correctional officers with the Texas Department of Criminal Justice-Correctional Institutions Division. Pending is plaintiff's motion to alter or amend the judgment, brought pursuant to FED. R. CIV. P. 59(e). All the parties consented to proceed before a United States Magistrate Judge and the case was transferred to the undersigned on November 19, 2011 for all further proceedings and entry of judgment (D.E. 12, 14, 30, 31).

### BACKGROUND

On August 31, 2009 plaintiff filed his original complaint, arguing that defendant Deleon violated his constitutional rights when he failed to protect plaintiff from attack by another inmate and that defendants Cabusao and Rivers-Graham were deliberately indifferent to his serious medical needs. Plaintiff was injured while working in the kitchen when another inmate threw a hot liquid on him. Defendant Deleon was an assistant food

service administrator at the time plaintiff was attacked. Cabusao made the initial assessment of plaintiff's injuries after he was attacked and Rivers-Graham worked in the prison medical department and approved the transfer of plaintiff to a hospital two days after he was burned.

Defendants filed a motion for summary judgment on December 7, 2011 and plaintiff filed a motion for summary judgment on January 9, 2012 (D.E. 74, 79). Summary judgment in favor of defendants was entered on April 10, 2012 and plaintiff's claims were dismissed with prejudice (D.E. 87).

Plaintiff did not include a statement indicating when he placed the instant motion in the prison mail system but did note in the certificate of service that he mailed copies of the motion to defendants' counsel on May 8, 2012. Under the "mailbox rule," a plaintiff's motion is considered filed when he places it in the prison mail system. Cooper v. Brookshire, 70 F.3d 377, 379-380 (5th Cir. 1995)(citing Houston v. Lack, 487 U.S. 266, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988)). It will be assumed for purposes of this motion that plaintiff placed the motion in the prison mail system on May 8, 2011 and it is considered filed as of that date.

In the motion, plaintiff argues that he should have been found to have exhausted his administrative remedies in a timely manner because his burn injuries prevented him from doing so any sooner than October 2008. Plaintiff also argues that he successfully showed that the defendants were not entitled to qualified immunity and that he has shown that there are fact issues which preclude summary judgment.

## APPLICABLE LAW

When a party files a motion for reconsideration of a summary judgment and challenges the judgment on the merits, it will be treated either as a motion to alter or amend under Rule 59(e) or a motion for relief from judgment under Rule 60(b). Lavespere v. Niagara Mach. & Tool Works, Inc., 910 F.2d 167, 173 (5th Cir. 1990), abrogated on other grounds by Little v. Liquid Air Corp., 37 F.3d 1069, 1075, n. 14 (5th Cir. 1994)(en banc). The rule under which the motion falls depends on the time it is served. If the motion is served within twenty-eight days of the rendition of the judgment, it falls under Rule 59(e); if it is served after that time, it falls under Rule 60(b). Lavespere, 910 F.2d at 167 (citing Harcon Barge Co. v. D&G Boat Rentals, 784 F.2d 665, 667 (5th Cir. 1986)(en banc).[1] Plaintiff filed his motion on May 8, 2012, which was within twenty-eight days of the signing of the final judgment. Accordingly, his motion will be considered under Rule 59(e).

A motion to alter or amend judgment must clearly establish either a manifest error of law or fact or must present newly discovered evidence. Ross v. Marshall, 426 F.3d 745, 763 (5th Cir. 2005)(internal quotations omitted). A Rule 59 motion cannot be used to raise arguments which could, and should, have been made before the judgment issued. Id. In addition, it cannot be used to argue a case under a new legal theory. Id. Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly. Templet v. HydroChem Inc., 367 F.3d 473, 479 (5th Cir. 2004).

---

[1] In 2009 Rule 59(e) was amended and the ten-day deadline was extended to twenty-eight days.

Summary judgment for defendants was granted because plaintiff did not timely exhaust his administrative remedies and, in the alternative, because he failed to meet his burden of showing that the defendants were not entitled to qualified immunity. Plaintiff argues in his Rule 59 motion that he was prevented by his injuries from completing the exhaustion of his administrative remedies in a timely fashion. However, plaintiff did not argue that his injuries kept him from exhausting his administrative remedies when he responded to defendants' motion for summary judgment (D.E. 82). He now seeks to rely on medical evidence from Dr. Tharp, a health care provider at FCI-Three Rivers. Plaintiff contends that the evidence shows that he was unable to write when he first returned from the medical unit. Plaintiff's argument is unavailing for two reasons. First, the evidence was available to him when he was responding to the motion for summary judgment. Second, the records do not support his argument. Dr. Tharp noted only that plaintiff was given some lotion for his burn scars. Nothing in the records from June 2009 supports plaintiff's contention that he was unable to write and so could not exhaust his administrative remedies (D.E. 38-3 at 12, 21-24).

Under these circumstances, plaintiff cannot show that the determination that he failed to timely exhaust his administrative remedies was a manifest error of law or fact. Nor has he pointed to any newly discovered evidence to support his claim that he was unable to pursue his administrative remedies in a timely manner because of his burn injuries. Accordingly, plaintiff's Rule 59(e) motion is denied on the exhaustion issue.

Regarding the merits of his case, plaintiff reiterates the arguments he made in his complaint, his own motion for summary judgment and his response to the defendants' motion for summary judgment. The arguments were considered and rejected when summary judgment was granted to defendants. Plaintiff has offered no new evidence and has not shown that the finding that defendants were entitled to qualified immunity was a manifest error of law or fact.

## CONCLUSION

Plaintiff has not met his burden on his Rule 59 motion to alter or amend. Therefore, his motion to alter or amend (D.E. 89) is DENIED.

ORDERED this 6th day of June, 2012.

_____
B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE